UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:20-cr-00601 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| EDWARD BRANDON, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolving Docs. 43, 48) |
| | ) | |

This matter is before the Court on the *Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 43) (the "Motion") filed by Defendant Edward Brandon ("Brandon") and the *Unopposed Supplement to Motion for Sentence Reduction Under § 3582(c)(2)* (Doc. 48). The United States of America did not file a response.

For the reasons stated below, the Motion is DENIED.

I. BACKGROUND

A federal grand jury charged Brandon with felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One), possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (Count Two), and possessing firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). Doc. 10. Pursuant to a plea agreement, Brandon pled guilty as Counts Two and Three. Doc. 27.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 23. The PSI indicated Brandon had a total offense level of 21 (after a three-level reduction for acceptance of responsibility) and a

1

criminal history category of IV, therefore the advisory guideline range was 57–71 months as to Count Two, but the statutory minimum term of imprisonment was ten years, therefore the applicable guideline term was adjusted to 120 months, plus a mandatory consecutive sentence for Count Three with an applicable guideline term of 60 months. Doc. 23 at p. 17, ¶¶ 62–64. Following further calculation during sentencing and the agreed-upon application of an advisory guideline range as to Count Two of 84–105 months, the Court ultimately sentenced Brandon to a term of 97 months' imprisonment as to Count Two and 60 months as to Count Three, consecutive. Doc. 31. Count One was dismissed. Doc. 31.

After Brandon's sentencing, the United States Sentencing Commission issued Amendment 821. It is undisputed that Brandon's criminal history points would be lower under the Amendment resulting in a reduced advisory guideline range of 78–97 months as to Count Two. Brandon now seeks retroactive application of Amendment 821 to reduce his Count Two sentence to 85 months.

## II.  LAW AND ANALYSIS

### A.  Legal Standard

A defendant who has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach when deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

2

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

**B. Analysis**

In the Motion, Brandon asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory range for Count Two is lowered to 78–97 months as opposed to the 84–105 months used at the time of sentencing. Doc. 48 at p. 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Brandon's total criminal history points were eight (8). Doc. 23 at p. 12, ¶ 37. Six (6) of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(a) and (e). Doc. 23 at pp. 10–11, ¶ 34. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Brandon was on post release control for state convictions. Doc. 23 at p. 12, ¶ 36. Brandon now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would not receive any additional criminal history points due to the offenses taking place while he was on post release control, therefore his total criminal history points would be six (6) under the new calculation. Doc. 48 at p. 3. The Court finds that Amendment 821 affects Brandon's criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Brandon's case. *See Jones*, 980 F.3d at 1107. This is due to his history and characteristics and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). Brandon served 18 years - the majority of his adult life - in state prison after being convicted of aggravated robbery and felonious assault with a firearm specification. Doc. 23 at pp. 9–10, ¶¶ 33–34. Then, less than two years later and while under the supervision of the state court, he committed the underlying offenses. Doc. 23 at pp. 9–10, ¶¶ 33–34. His behavioral patterns indicate that, despite a lengthy prison sentence, he has yet to be deterred from returning to criminal activity. At the time of sentencing, the Court considered these factors and

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

4

determined that a 97-month sentence as to Count Two promoted respect for the law, afforded adequate deterrence, and protected the public. Doc. 31; *See also* 18 U.S.C. § 3553(a)(2).

Given the facts and after consideration of the need for the sentence imposed, the Court finds a reduction to Brandon's total 157-month sentence is not warranted. The Court's imposition of the sentence as to both counts was sufficient but not greater than necessary, and if sentenced today with a two-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III. CONCLUSION

For the reasons stated above, the *Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)* (Doc. 43) is DENIED.

Date:  August 2, 2024                        */s/ John R. Adams*
                                             JOHN R. ADAMS
                                             UNITED STATES DISTRICT JUDGE